**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTIAGO VARGAS-NAVARRO, | No. 08-72781 |
| Petitioner, | Agency No. A095-734-369 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Santiago Vargas-Navarro, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order. We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law. *Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, 1079 (9th Cir. 2007). We deny the petition for review.

The BIA did not err in concluding that the IJ did not deprive Vargas-Navarro of his right to counsel. The record indicates that Vargas-Navarro knowingly and voluntarily waived his right to counsel at his removal hearing. *See id.* (valid waiver occurs where IJ specifically inquires whether petitioner wishes to proceed without counsel and receives a knowing and voluntary response).

Even if the circumstances of Vargas-Navarro's apprehension constituted a violation of his rights under the Fourth Amendment, the BIA correctly concluded that his admissions at his hearing provided an independent basis for his removal. *See Magallanes-Damian v. INS,* 783 F.2d 931, 934 (9th Cir. 1986) (even if interrogation and arrest involved violations of Fourth Amendment rights, "they would not prevent reliance by the Board on petitioners' voluntary admission of illegal entry at the subsequent deportation hearing" (citation omitted)).

**PETITION FOR REVIEW DENIED.**